## ANNEXATION OF MUNICIPAL CORPORATIONS.

Circuit Court of Cuyahoga County.

STATE OF OHIO, EX REL N. C. LATHROP ET AL, v. M. B. EXCELL.

Decided, May, 1908.

*Municipal Corporations—Annexation of One Corporation by Another Results in Merger of Corporate Powers.*

Annexation of one municipal corporation by another does not put an end to the corporate life and powers of the annexed municipality, but simply merges them with those of the annexing corporation, and an agreement that the firemen in the service of the former shall continue in the service of the latter is valid.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

In this appeal it is sought by mandamus to enforce the provision of the Glenville annexation agreement for the retention of the Glenville firemen. It is objected that this provision is void, because it is inconsistent with the civil service requirements of the municipal code providing for admission to the fire department only on examination, etc., and, even though Glenville was subject to the same requirements of law, the civil service regulations there may have been such as to let in firemen who could not have come into the Cleveland fire department.

We think the decision of the matter must hinge on the general effect of annexation. If the corporate life and powers of Glenville were not ended, but simply merged with those of Cleveland, there is no legal inconsistency in the agreement to incorporate the Glenville fire department with that of Cleveland, both having been under the merit system.

Section (1536-57) of Bates' Statutes indicates that this is the true construction of the matter. It provides that "when the annexation is completed, the two former corporations shall be governed as one, embracing the territory of each."

Of course the provisions of the agreement as to rank and location of the new firemen are in part at least inconsistent with law, and therefore void.

A peremptory writ may issue, the prayer of the petition being modified in accordance herewith.